IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAMELA C. BLACKWELL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00162 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| FLUVANNA CORRECTIONAL CENTER, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Pamela C. Blackwell, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming only the Fluvanna Correctional Center as a defendant. To state a cause of action under § 1983, a plaintiff must allege facts indicating that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). By order entered October 3, 2016, the court conditionally filed this action, advised Blackwell that her complaint failed to state a claim against the Fluvanna Correctional Center because a correctional center is not a person, and gave her seven days to amend her complaint to correct the deficiency. The court advised Blackwell that failure to amend the complaint would result in its dismissal. Blackwell responded but did not name a different defendant. Because a correctional center is not a "person" subject to suit under § 1983, Blackwell cannot maintain this action against the defendant correctional center. *Garrett v. Angelone*, 230 F.3d 1352, *reported in full at* 2000 U.S. App. LEXIS 22746, at *4, 20000 WL 1275318, at *1 (4th Cir. 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)). Accordingly, the court will dismiss this action without prejudice pursuant to

28 U.S.C. § 1915A(b)(1).

Entered: November 2, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge